JAMIE EPSTEIN, ATTORNEY AT LAW
1101 Route 70 West
Cherry Hill, NJ. 08002
Tel.: (856) 428-0710
Attorney for:   Plaintiffs

_____
| | | |
|---|---|---|
| J.R., a minor, individually and by her Parent L.R., | : : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs | : | CAMDEN VICINAGE |
| vs. | : : | CIVIL ACTION |
| Camden City Board of Education, Defendant | : : | DOCKET NO. _____ |
| _____ | : | **COMPLAINT** |

# COMPLAINT

Plaintiff, L.R., individually and on behalf of her minor daughter, J.R., by way of Complaint say:

## JURISDICTION

1.      This Complaint is brought seeking relief for denial of rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et. seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and New Jersey's Special Education Law, N.J.S.A. 18A:46-1 et seq., and implementing federal and state regulations, New Jersey Law Against Discrimination, ("NJLAD") N.J.S.A. § 10:5-1, et. seq. Jurisdiction is based on 28 U.S.C. § 1331 and § 1343(1) and (3). Supplemental jurisdiction is invoked under 28 U.S.C. § 1367 over claims under state law. Declaratory and injunctive relief are sought pursuant to 28 U.S.C. §§ 2201 and 2202.

1

2. This case comes to this Court following the August 1, 2011 final decision of Administrative Law Judge (ALJ), Lisa James-Beavers, in an action brought by the Plaintiffs on October 25, 2010 with the New Jersey Office of Special Education under docket number O.A.L. EDS 1080-11/Agency Ref. No. 2011-16755

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff J.R., whose date of birth is November 10, 2003, is a student with disability who is eligible for the services and protections of IDEA.

5. At all times relevant herein, J.R. resided in the City of Camden, County of Camden and State of New Jersey, attended Dudley School and was classified as "autistic".

6. Plaintiff, L.R. is the mother of J.R., and at all times relevant herein resided with her in the City of Camden, County of Camden and State of New Jersey.

7. Defendant Camden City Board of Education, (CCBE) is charged with the conduct, supervision, and management of the Camden Public Schools which is the school system established to provide a public education to children residing in Camden. CCBE's principal place of business is located at 201 North Front Street Camden, NJ 08102. The Defendant is also a local educational authority as defined by 20 U.S.C.

§1401(a).

8. On October 25, 2010, Plaintiffs filed a IDEA Due Process Petition, claiming that,

> J.R's current IEP fails to offer J.R. a free and appropriate education in the least restrictive environment and/or has not been individualized for her in violation of her rights under both State and Federal Law for many reasons:
> b. Defendant misclassified J.R. as "autistic" because she has significant developmental, learning, communication and behavioral disorders.
> c. Defendant failed to seek a psychiatric evaluation in order to rule out various mental health disorders which may cause J.R. to exhibit the identified inappropriate behaviors which interfere with her ability to learn.
> d. Defendant's IEP erroneously states that J.R.'s behaviors do not impede hers or others learning when in her IEP Defendant admits that J.R.'s behavior impedes her or others learning.
> e. Defendant's IEP failed to offer J.R. specific scheduled opportunities for exposure to non-disabled peers.
> f. Defendant failed to provide a Functional Behavioral Assessment and a Positive Behavioral Intervention Plan developed by a qualified professional in the field of applied behavioral analysis (ABA).
> g. Defendant failed to develop an appropriate IEP for J.R. with appropriate data-based levels of functioning, goals and objectives, success criteria stated in measurable and observable terms which are individualized for J.R. with proper systems for recording progress and specifically identified staff responsible for implementation of each goal and service.
> h. Defendant failed, in the alternative, to appoint a Special Master (i.e. the independent evaluator) at Defendant's expense, to develop J.R.'s IEP.
> i. As a result of these failures, J.R. has not received FAPE.

9. In said Petition, Plaintiffs sought in remedy of said claims:

> a. The Defendant must reclassify J.R. as having a "pervasive developmental disorder"
> b. The Defendant must pay for a current independent neurological evaluation of J.R. by an evaluator of her choice.
> c. The Defendant must pay for J.R. to receive an independent psychiatric evaluation by an evaluator of her choice.

  d. The Defendant must pay for a Functional Behavioral Assessment and a Positive Behavioral Intervention Plan developed by a qualified professional in the field of applied behavioral analysis (ABA).
  e. The Defendant must develop an appropriate IEP for J.R. with appropriate data-based levels of functioning, goals and objectives, success criteria stated in measurable and observable terms which are individualized for J.R. with proper systems for recording progress and specifically identified staff responsible for implementation of each goal and service. In the alternative, the Defendant must appoint a Special Master (i.e. the independent evaluator) at Respondent's expense, to develop J.R.'s IEP.
  f. The Defendant must amend the IEP with the specific schedule for J.R.'s exposure to non-disabled peers including the supports to be provided, the responsible staff and the goals and objectives for those activities.
  g. The Defendant must provide J.R. with compensatory education for the period of time CCBE failed to provide her with an appropriate education.

10. On February 2, 2011, the New Jersey Office of Special Education Programs transmitted the matter to the New Jersey Office of Administrative Law ("OAL") for final determination.

11. Hearings were held on March 14, 2011, March 30, 2011, April 5, 2011, April 13, 2011, May 6, 2011, May 13, 2011 and on August 1, 2011 the ALJ issued a final decision (attached), finding that:

> "Defendant had failed to prove by a preponderance of the evidence that J.R.'s IEP offers her FAPE in the least restrictive environment and is individualized to meet her needs as required by state and federal law; that the Defendant's failure to follow through with doctor's recommendations and update the neurological examination denied J.R. a free appropriate public education; that the Defendant has failed to develop an appropriate IEP with data-based levels of functioning, goals and objectives, and success criteria stated in measurable and observable terms which are individualized for J.R. with proper systems for recording progress; that the Defendant failed to prove by a preponderance of the credible evidence that its meager inclusion opportunities with an absence of a

planned program provided J.R. access to FAPE in the least restrictive environment; and that J.R. is entitled to an hour per day for a school year, 180 days, of compensatory education in the form of one-to-one instruction. Also, the ALJ found that changing J.R.'s classification to PDD NOS is not appropriate at the time; that a psychiatric evaluation is not warranted to provide a free appropriate public education to J.R.; that the District's omission of a Functional Behavioral Assessment and a Positive Behavioral Intervention Plan did not result in a failure to provide J.R. FAPE that is reasonably calculated to provide a meaningful educational benefit in the least restrictive environment; and that petitioner has not established the need for an appointment of a Special Master.

12.     The ALJ ordered the following:

"1.     The Defendant will create a new IEP that offers J.R. FAPE in the least restrictive environment that is individualized to address her unique abilities.
2.     The Defendant will immediately schedule an independent neurological evaluation at the Defendant's expense.
3.     The Defendant will develop an appropriate IEP for J.R. with goals, objectives and success criteria that are stated in measurable and observable terms that are individualized for J.R. based on data and recorded notes of progress.
4.     The IEP that the Defendant develops will have scheduled opportunities for exposure to non-disabled peers with supports to be provided to promote a successful transition.  The Defendant will provide additional training and support for the classroom team to assist in objectively measuring the success of the transition efforts.
5.     The Defendant will provide J.R. with 180 hours of compensatory education during the 2011–2012 school year for the violations set forth in this decision for not providing FAPE."

13.     The ALJ designated said decision as final pursuant to 20 U.S.C.A. § 1415(i)(1)(A) and 34 C.F.R. § 300.514 (2010).

5

## CAUSES OF ACTION
## COUNT ONE
### (Grounds for Appeal)

14. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 13 of the Complaint with the same force and effect as though each were fully set forth at length herein.

15. ALJ Lisa James-Beavers' denial of J.R.'s request to change J.R.'s classification to PDD NOS constituted reversible error.

16. ALJ Lisa James-Beavers' denial of J.R.'s request for psychiatric evaluation constituted reversible error.

17. ALJ Lisa James-Beavers' denial of J.R.'s request for a Functional Behavioral Assessment and a Positive Behavioral Intervention Plan constituted reversible error.

18. ALJ Lisa James-Beavers' denial of J.R.'s request for an appointment of a Special Master constituted reversible error.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows: that

a. the order of ALJ Lisa James-Beavers denying certain above mentioned demands against Defendant be reversed in part where such requests of Plaintiff were denied.

b. Defendant's be ordered to pay for or provide the services as identified in paragraphs 15 to 18.

6

  c. For attorney's fees, expert fees and costs incurred during the administrative procceeding and in this Court as allowed under 20 U.S.C. § 1415(i)(3)(B) and 29 U.S.C. § 794a.

## COUNT TWO
### (Individuals with Disabilities Education Act)

19. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 18 of the Complaint with the same force and effect as though each were fully set forth at length herein.

20. Pursuant to 20 U.S.C. § 1415(i)(3)(B), Plaintiff L.R. is entitled to an award of reasonable attorney fees and costs because she is the parent of a child, with a disability, J.R., who is the prevailing party in her IDEA due process proceeding.

21. Plaintiffs retained counsel on a contingency basis to represent them and have incurred attorney fees and other expenses in connection with the due process hearing.

22. Plaintiffs obtained substantial relief from their due process petition (as described in detail in paragraph 12) and are, therefore, entitled to their reasonable fees and other costs as the prevailing parties.

 WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

  (a) Awarding reasonable attorney's fees and related costs

incurred by Plaintiffs in connection with their due process petition before the New Jersey Office of Administrative Law;

(b) Awarding reasonable attorney's fees and costs of suit incurred in bringing forth within action for counsel fees before this United States District Court;

(c) Such other relief as the Court deems just.

## COUNT THREE
### (§504 of the Rehabilitation Act)

23. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 22 of the Complaint with the same force and effect as though each were fully set forth at length herein.

24. Section 504 of the Rehabilitation Act of 1973, as amended, protects persons with handicapping conditions from discrimination or denial of services by programs receiving Federal funds. 29 U.S.C. Sec. 794(a).

25. J.R. is a person with disability for purposes as defined in 29 U.S.C. Sec. 705 (20)(b).

26. J.R. is "otherwise qualified" for the educational programs provided by the Defendant.

27. Defendant receives federal financial assistance for its educational programs.

Case 1:11-cv-05060-NLH-JS   Document 1   Filed 09/01/11   Page 9 of 10 PageID: 9

28. Defendant failed to properly and timely accommodate J.R. disabilities as a handicapped child in order for her to benefit from the public education otherwise available to non-disabled students.

29. Defendant's conduct constituted a violation of J.R.'s rights under 29 U.S.C. Sec. 794.

30. J.R. retained counsel to represent him in the administrative proceedings and has incurred attorney fees, expert witness fees and other expenses in connection with the due process hearing.

31. J.R. obtained substantial relief from their due process petition and is, therefore, entitled to reasonable fees and other costs as the prevailing party pursuant to 29 U.S.C. § 794a..

WHEREFORE, J.R. demands judgment against Defendant:

    a. Attorney's fees, costs of suit and expenses incurred in prosecuting this action and the administrative action.

    b. Such other and further relief as the Court deems just and proper.

## COUNT FOUR
### (New Jersey Law Against Discrimination)

32. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 31 of the Complaint with the same force and effect as though each were fully set forth at length herein.

33. Under New Jersey Law Against Discrimination, public schools are barred from discriminating on the basis of a person's disability.

34. J.R. is a handicapped person within the meaning of the New Jersey Law Against Discrimination.

35. J.R. is otherwise qualified for the educational programs provided by the Defendant.

36. By failing to make accommodations for J.R. including individualized educational services appropriate to meet her needs, the Defendant has deprived J.R. of rights secured to her under The New Jersey Law Against Discrimination.

37. WHEREFORE, Plaintiff's demand judgment against Defendant as follows:

    a. Compensatory and consequential damages:

    b. Reasonable attorney's fees and costs;

    c. Enhancement to the attorney fee award;

    d. Such other relief as the Court deems just.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

                  Attorney for Plaintiffs

                  *[signature]*

DATED: August 11, 2011       JAMIE EPSTEIN