```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                :
J.R., a minor, individually     :
and by her Parent L.R.,         :   Civil Action No. 11-5060
                                :
              Plaintiff,        :
                                :
         v.                     :
                                :   **OPINION**
CAMDEN CITY BOARD OF EDUCATION  :
et al.,                         :
                                :
              Defendants.       :
_____:
```

Appearances:

JAMIE EPSTEIN
107 CHERRY PARKE, SUITE C
CHERRY HILL, NJ 08002

   *Attorney for plaintiff*

RICHARD L. GOLDSTEIN
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
WOODLAND FALLS CORPORATE PARK
200 LAKE DRIVE EAST-SUITE 300
CHERRY HILL, NJ 08002

   *Attorney for defendant Camden City Board of Education*

ANGELA LEE VELEZ
STATE OF NEW JERSEY
DEPT. OF LAW & PUBLIC SAFETY
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625-0112

And

SUSAN MARIE HUNTLEY
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW JERSEY
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

*Attorneys For Defendant New Jersey Department Of Education, Christopher Cerf, Commissioner, New Jersey Department of Education, in his Official and Unofficial Capacities, Peggy McDonald, Director, Office of Special Education Programs, New Jersey Department Of Education, in her Official and Unofficial Capacities, and John Worthington, Manager, Bureau of Policy and Planning, New Jersey Department Of Education in his Official and Unofficial Capacities.*

**HILLMAN, District Judge**

Before the Court is the motion of defendants Christopher Cerf, Peggy McDonald, John Worthington, and New Jersey Department of Education's ("NJDOE") to dismiss plaintiff's third amended complaint, plaintiffs' first motion for partial summary judgment, and defendant Camden County Board of Education's ("CCBE") cross motion for partial summary judgment. For the reasons set forth below, the motions will be denied without prejudice and this matter will be administratively stayed pending the resolution of state administrative proceedings.

I.  **BACKGROUND**

On December 24, 2010, plaintiffs filed a due process petition ("JR1") with the NJDOE alleging that CCBE had violated

J.R.'s right to a free and appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Act ("IDEA"). The NJDOE's Office of Special Education transmitted the petition to the Office of Administrative Law ("OAL") for final determination before an administrative law judge ("ALJ"). On August 1, 2011, an ALJ issued a final decision granting in part and denying in part plaintiffs' requested relief. Part of the relief granted included an instruction that CCBE create a new individualized education plan ("IEP") for J.R. CCBE presented a new IEP, but plaintiffs objected to the new IEP, and filed a second due process petition ("JR2") on December 5, 2011. On March 2, 2012, the second due process petition was dismissed by an ALJ.

Plaintiffs filed a complaint in this Court alleging violations of the IDEA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. 10:5-1 et seq. In their third amended complaint plaintiffs: appeal JR1 (in part) and JR2 under the IDEA and § 504 (Count I); seek attorneys' fees as the prevailing party in JR1 under the IDEA (Count II); seek attorneys' fees as the prevailing party in JR1 under § 504 (Count III); allege discrimination by defendants under the NJLAD

(Count IV); allege that the State defendants' adoption of N.J.A.C. 6A:14-2.5(c)(1) is an unconstitutional restraint of plaintiffs' federal rights under the IDEA (Count V); and allege that defendants failed to enforce the August 1, 2011 Order entered by the ALJ in JR1 (Count VI).

Based on plaintiffs' allegations, Counts I – IV are primarily directed at CCBE, Count V is directed against NJDOE, and Count VI is directed at both. Although Counts I – IV are directed at CCBE, plaintiffs allege that NJDOE should, in the alternative, be held liable, presumably due to the Camden City School District being placed under full State intervention.[1]

## II. **JURISDICTION**

The Court exercises subject matter jurisdiction over plaintiff's federal civil rights claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Court exercises supplemental jurisdiction over plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

## III. **DISCUSSION**

The State defendants have moved to have plaintiffs' claims

---

[1] The Court takes judicial notice that on June 5, 2013, the New Jersey State Board of Education issued an administrative order pursuant to N.J.S.A. 18A:7A-15 et seq. directing that the Camden City board of Education be placed under full State intervention, effective on or about June 25, 2013.

dismissed on several grounds, including lack of subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies.

Prior to filing a civil complaint under the IDEA, a plaintiff must complete the administrative process. See Komninos by Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994). "There is a strong policy of requiring exhaustion." J.T. ex rel. A.T. v. Dumont Public Schools, No. 12-2241, 2013 WL 1777257, at *7 (3d Cir. Apr. 26, 2013) (acknowledging that the "exhaustion rule serves a number of important purposes, including (1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error.").[2]

---

2 Exhaustion of the IDEA administrative process is also required, "to the same extent as would be required had the action been brought under" IDEA, before filing a civil action under Title V of the Rehabilitation Act, 29 U.S.C. § 791 et seq., "seeking relief that is also available under" IDEA. J.T. ex rel. A.T., 2013 WL 1777257, at *7 (citing 20 U.S.C. § 1415(l)).

Here, plaintiffs sought administrative remedies against CCBE, but not against the State defendants, prior to filing in federal court. The State defendants argue that since they were not parties to the OAL hearings below, or any other administrative proceeding prior to plaintiffs filing their amended complaint on December 7, 2011, that plaintiffs have not exhausted their administrative remedies as required by the IDEA.

By letter dated October 30, 2013, plaintiffs informed the Court that in response to the State defendants' motion to dismiss for failure to exhaust administrative remedies "… on September 27, 2013, Plaintiffs filed the administrative actions NJDOE argued to Your Honor was required against all NJDOE defendants and Camden."[3]

In light of the pending state administrative process which plaintiffs filed in response to a motion to dismiss in this Court involving the same parties, this Court will defer to the state administrative proceedings and stay this matter. See Shaw

---

[3] The State defendants request that the Court strike the letter as untimely. The Court will not strike the letter since it apprises the Court of a change in facts that directly affect this litigation. See Fusari v. Steinberg, 419 U.S. 379, 391, 95 S.Ct. 533, 541 (1975) ("This Court must rely on counsel to present issues fully and fairly, and counsel have a continuing duty to inform the Court of any development which may conceivably affect an outcome.").

6

v. New York Dept. of Correctional Services, 451 Fed. Appx. 18, 21 (2nd Cir. 2011) (instructing that the case should be stayed until final review in the administrative proceeding); Shapiro v. Paradise Valley Unified School Dist. No. 69, 152 F.3d 1159, 1160-61 (9th Cir. 1998) (determining that the district court should enter a stay following a remand to the hearing officer concerning plaintiff's education); McElroy v. Tracy Unified School Dist., No. 07-0086, 2007 WL 1674000, at *1 (E.D.Cal. June 8, 2007) (concluding that a stay pending the outcome of the IDEA administrative proceeding "… is a proper exercise of the court's discretion in controlling the disposition of [cases] on its docket and avoiding unnecessary duplication of judicial machinery.").[4]

A stay of the federal court proceedings is especially appropriate in this case because in Count V plaintiffs challenge

---

[4] This matter will be stayed rather than dismissed because plaintiffs did proceed through the administrative process against CCBE. Subsequently, CCBE was placed under full state intervention by NJDOE. Plaintiffs then added the State defendants as parties to this action, after which plaintiffs then instituted administrative proceedings as against both CCBE and NJDOE. This new administrative proceeding may resolve certain issues in this action as well as provide the ALJ with new policy regarding NJAC 6A:14-2.5(c)(1), as discussed infra. Therefore, the best course is to allow the state court administrative process to proceed while this action is stayed.

7

the legality of NJAC 6A:14-2.5(c)(1)[5] which has been called into question and is in the process of being amended. Specifically, plaintiffs presented evidence that the United States Department of Education ("USDOE") notified the NJDOE on March 28, 2012, that NJAC 6A:14-2.5(c)(1) "limits the parents' rights to an IEE [independent educational evaluation] by giving the public agency an opportunity to conduct an assessment in an area not covered by the initial evaluation or reevaluation before the parties are granted an IEE."[6] In response, by memorandum dated May 9, 2012,

---

[5] NJAC 6A:14-2.5(c)(1) states, in part:

A parent may request an independent evaluation if there is disagreement with any assessment conducted as part of an initial evaluation or a reevaluation provided by a district board of education.
1. If a parent seeks an independent evaluation in an area not assessed as part of an initial evaluation or a reevaluation, the school district shall first have the opportunity to conduct the requested evaluation.

[6] In considering a motion to dismiss, the Court only considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If matters outside of the pleadings are considered, then the motion is treated as a motion for summary judgment. See Fed.R.Civ.P. 12(d). Here, the letters or memorandums are deemed authentic documents since they all issue from U.S. or New Jersey government agencies. See In re Wellbutrin SR/Zyban Antitrust Litigation, 281 F.Supp.2d 751, 755 n. 2 (E.D.Pa. 2003) (matters of public record may be considered without converting the motion to dismiss into a motion for summary judgment, and Courts have defined a public record to include published reports of

the NJDOE assured the USDOE that NJAC 6A:14-2.5(c)(1) would comply with 34 CFR § 300.502 "… by eliminating the language which gives the Local Education Agency (LEA) an opportunity to conduct an assessment in an area that was not part of the initial evaluation or reevaluation before granting the parents an IEE… ." The NJDOE also advised the USDOE that it was in the process of formally amending NJAC 6A:14-2.5(c)(1) as part of the State administrative rule-making procedure. Finally, by memorandum dated October 1, 2013, the NJDOE stated that NJAC 6A:14-2.5(c)(1) is "inconsistent" with the IEE provisions in 34 CFR § 300.502, and that pending amendment to the state regulations, all districts are to comply with the requirements of 34 CFR § 300.502.

    The ALJ, when writing the JR2 opinion on March 2, 2012, followed the state statute as it was interpreted at the time. The request by the USDOE to eliminate certain provisions was not made until several weeks after the ALJ's decision. Thus, the ALJ did not have the benefit of the new regulations before her when the decision was made. Given that the ALJ made her

---

administrative bodies).  To be clear, the Court is not taking judicial notice of the facts contained in the letters, or rendering any decision based on their factual content, only that the letters support the Court's decision to stay this proceeding given the recent policy changes concerning NJAC 6A:14-2.5(c)(1).

decision on a regulation that, for all intents and purposes, was revised some months later, it appears that a judge assigned by the OAL should be given an opportunity to assess the facts in light of the newly revised regulation.

**IV. <u>CONCLUSION</u>**

Due to the pending administrative action recently filed by plaintiffs, this matter shall be stayed pending resolution of the state administrative proceedings. The State defendants' motion to dismiss plaintiff's third amended complaint, plaintiffs' first motion for partial summary judgment, and defendant Camden County Board of Education's cross motion for partial summary judgment will be denied without prejudice.

At Camden, New Jersey          *s/Noel L. Hillman*
                                     NOEL L. HILLMAN, U.S.D.J.

Dated: November 15, 2013